JOHN FULLER *v.* JOHN D. BUSWELL.

*Contract.   Assumpsit.*

The defendant executed to the plaintiff a written contract, wherein, after reciting that the plaintiff had let the defendant take two oxen to work and use well, and run all risk to them of accident, sickness and death, for one year, and that the plaintiff had received of the defendant an obligation against one B., for the sum of $62.66, to be applied on the contract when paid, it was provided in substance that if the defendant had a mind to pay the plaintiff $115, and interest, in one year, he might own the oxen, but if they were returned he was to pay $12 for the use of them; and that if the defendant paid the plaintiff or bearer $62.66, and interest, the plaintiff should give up to the defendant the obligation of that amount above mentioned. It appeared that under this contract the defendant kept the oxen until a short time before the close of the specified year, when he told the

Fuller *v.* Buswell.

plaintiff he was not going to return them, and kept and used them until one of them died, shortly after the close of the year; and that the defendant had not paid anything for the oxen or for the use of them; *Held,* that the contract showed that the parties really contemplated a sale of the oxen but took pains to keep the title to them in the plaintiff to secure him until they were paid for; that the facts proven showed an election on the defendant's part to become the purchaser of the oxen under the contract; that the fact of the plaintiff's bringing suit for the price of the oxen showed an election on his part to treat the defendant as their owner; and that the plaintiff was entitled to recover their price under the common counts in assumpsit.

*Held,* also, that the fair meaning of the contract was, that if the oxen died in the defendant's hands, so that he could not return them, he was to be liable for their price, as upon an absolute purchase.

ASSUMPSIT for the price of two oxen. Declaration on the common counts; plea, the general issue, and trial by the court at the March term, 1860, PIERPOINT, J., presiding.

Tho plaintiff gave in evidence a written contract, executed by the defendant, of which the following is a copy:

"MOUNT HOLLY, April 21, 1858.

" This will certify that John Fuller has let John D. Buswell take two oxen, five years red oxen, that I bought of Parker Shattuck, to work and use well and run all the risk of accident, sickness and death, for one year, for one hundred and fifteen dollars and interest. If said Buswell returns said oxen he is to pay said John Fuller or bearer twelve dollars for the use of them This day received an obligation of said Buswell of sixty-two dollars and sixty-six cents, against Frederick B———, dated April 5th to answer on this obligation when paid. If said John Buswell is a mind to pay John Fuller or bearer one hundred and fifteen dollars and interest, in one year, he may own said oxen. If they are returned he is to pay twelve dollars for the use of them. If said oxen are not used well, or there is danger of losing them, they are to be returned on demand, and the rent in proportion to the time he keeps them. If said Buswell pays John Fuller or bearer sixty-two dollars and sixty-six cents and interest, said John Fuller is to give up to said Buswell the above obligation of that amount."

The plaintiff also gave evidence to show that the defendant took the oxen named in the written contract, of the plaintiff, at

the date of and under the contract, and kept them until a short time before the end of the year specified therein, when he told the plaintiff that he was not going to return the oxen as provided in the contract, and kept them and used them, till one of the oxen died in May, 1859, after the specified year had expired, and before the bringing of this suit, and has not paid the plaintiff anything for the oxen or for the use of them.

Upon this evidence, and under the contract, the court decided that the plaintiff could not recover in this action. To this decision the plaintiff excepted.

*F. C. Robbins* and *W. H. Smith*, for the plaintiff.

*Sewall Fullam*, for the defendant.

POLAND, CH. J. By the terms of the written contract between the plaintiff and defendant, the latter had an election to return the oxen at the end of the year, and pay twelve dollars for their use, or to keep the oxen as his own property by paying the sum of one hundred and fifteen dollars. It is evident enough that the parties contemplated, really, a sale of the oxen by the plaintiff to the defendant, but took great pains to make sure the title to the oxen in the plaintiff, to keep him secure until he received his pay.

The fact that the risk of all accidents to, or the sickness or death of the oxen during the year, is thrown upon the defendant, proves this, and the fact that no provision is made in the contract that the plaintiff is to return the obligation of F. B., taken toward the oxen, or the money received upon it, in case the defendant returns the oxen, also tends in the same direction. It is probable that that portion of the contract, making it a lease of the oxen for a year at defendant's election, was inserted more because they supposed it necessary to keep up the plaintiff's title than from any expectation that the defendant would in any event desire to return them. Near the end of the year the defendant informed the plaintiff that he should not return the oxen, and he continued to keep and use them after the year had expired, and till one of them died. This must be regarded as an election by

the defendant to become the purchaser of the oxen, under that term of the contract. It would be altogether unreasonable to suppose that he thereby intended to wrongfully hold the oxen and refuse to pay the price. If the price was not paid the plaintiff might refuse to let him keep the oxen, but if he chose we think he might assent to his keeping them, and treat him as his debtor for the price, or so much as was unpaid, and maintain an action therefor.

It is not found in the case that the plaintiff assented to the defendant's becoming the owner of the oxen, and the defendant says the plaintiff cannot maintain his action of general assumpsit as for a sale of the oxen, till such assent be shown; that until then the oxen continued to be the property of the plaintiff; that if defendant failed to pay, or return the cattle, at the end of the year, the plaintiff's remedy must be an action on the written contract, or trover for the oxen. But the fact of bringing the suit for the price is of itself an assent and election by the plaintiff to treat the defendant as his debtor, and an affirmance of the sale to the defendant. The fair meaning of the contract is, too, that if the oxen died in the defendant's hands, so that he could not return them, he was to be liable for the price, as upon an absolute purchase. Upon the facts found by the county court, we think the judgment should have been for the plaintiff; and the judgment is therefore reversed, and judgment rendered for the plaintiff.